FILED
 2017 Jan-27  PM 04:05
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

ROP/MKA February 2017
GJ# 7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | No. |
| ) | |
| ANGELA WILSON, ) | |
| *also known as "Angela Parrish-Wilson,"* ) | |
| **Defendant** ) | |

## INDICTMENT

The Grand Jury charges that:

At all times relevant to this Indictment:

## INTRODUCTION

1.  The Retail, Wholesale and Department Store Union ("RWDSU"), a District Council of the United Food and Commercial Workers Union, was a labor union composed of persons employed in and about the retail, wholesale, department store, warehouse, building service, dairy, bakery and confectionary, and other related facilities.  The membership of the RWDSU was organized in and through local unions, joint boards, and joint councils.  The RWDSU executive board could require that a local union affiliate with a joint board or joint council if the local union did not have full-time paid officers or representatives servicing its members.

2. RWDSU Joint Council 932 ("Joint Council 932") was a labor organization engaged in an industry affecting commerce within the meaning of Title 29, United States Code, Sections 402(i) and 402(j). Joint Council 932 operated out of offices in Birmingham, Alabama, and represented members in Alabama, Mississippi, Tennessee, Ohio, Louisiana, and Florida.

3. RWDSU Local Union 201 ("Local 201") was a labor organization engaged in an industry affecting commerce within the meaning of Title 29, United States Code, Sections 402(i) and 402(j). Local 201 was affiliated with Joint Council 932, which handled Local 201's financial affairs.

4. RWDSU Local Union 555 ("Local 555") was a labor organization engaged in an industry affecting commerce within the meaning of Title 29, United States Code, Sections 402(i) and 402(j). Local 555 was affiliated with Joint Council 932, which handled Local 555's financial affairs.

5. Joint Council 932 had three full-time officers and three full-time vice-presidents/shop stewards. Joint Council 932 also had three salaried employees – an office manager, an office assistant, and an office clerk. The Defendant **ANGELA WILSON,** *also known as "Angela Parrish-Wilson,"* was Joint Council 932's office manager. In that role, Defendant **WILSON** was responsible for the day-to-day financial duties of Joint Council 932, Local 201, and Local 555 (collectively hereafter, "Three Unions"), including but not limited to, accounts payable and

receivable; banking activity, including writing checks, conducting online banking transactions, and reconciling bank statements; processing payroll; reconciling credit card statements; and preparing and presenting financial reports to the Executive Board of Joint Council 932.

6.  Defendant **WILSON** maintained the financial records of the Three Unions using commercially available software known as QuickBooks. The relevant QuickBooks accounts were password-protected, and Defendant **WILSON** had access to all of those accounts in order to perform her job duties. Defendant **WILSON** also had administrative access to the relevant QuickBooks accounts.

7.  Defendant **WILSON** was a signatory on the bank accounts of the Three Unions at Servis 1st Bank. Joint Council 932 held account x0104 and account x0484, Local 201 held account x9495, and Local 555 held account x9149. Servis 1st Bank was insured by the Federal Deposit Insurance Corporation ("FDIC"), making it a financial institution within the definition of 18 U.S.C. § 20.

8.  Defendant **WILSON** was the sole administrative user for electronic banking on Joint Council 932's Servis 1st accounts. Through that mechanism, Defendant **WILSON** scheduled electronic transfers/direct deposits of funds for the weekly salary payments of Joint Council 932's employees, including herself. Defendant **WILSON** received the electronic deposit of her payroll funds into her personal account at America's First Federal Credit Union, a financial institution

within the definition of 18 U.S.C. § 20 because its deposits were insured by the National Credit Union Share Insurance Fund.

9. Joint Council 932 also had a credit card with Office Depot, xxxx xxxx xxxx 3842. Defendant **WILSON** was an authorized user on credit card x3842 and did not need pre-approval to utilize the card for the purchase of office supplies for the union. Joint Council 932 paid balances on credit card x3842 out of account x0104 as part of its routine course of business.

## COUNTS ONE through TWENTY
### [18 U.S.C. § 1344]

1. The Grand Jury repeats and realleges the allegations contained in paragraphs 1 through 9 of the Introduction to this Indictment as though fully set out herein.

2. From on or about July 27, 2012, until on or about December 30, 2014, in Jefferson County, within the Northern District of Alabama, and elsewhere, the defendant,

**ANGELA WILSON,**
*also known as "Angela Parrish-Wilson,"*

knowingly did execute and attempt to execute a scheme and artifice to defraud Servis 1st Bank and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of Servis 1st Bank, a financial

institution insured by the FDIC, by means of materially false and fraudulent pretenses, representations, and promises.

### The Scheme and Artifice

3. It was a part of the scheme and artifice that Defendant **WILSON** would and did access Servis 1st Bank accounts x0104, x0484, x9149, and x9495 beyond the scope of the access needed for her job duties while maintaining the materially false and fraudulent pretense that she was acting at all times in the interest of her employer, the Three Unions, and the members of the Three Unions.

4. It was further a part of the scheme and artifice that Defendant **WILSON** would and did use a variety of different methods of unauthorized access to divert a total of over $40,000 from the four relevant bank accounts. Those methods included, but were not limited to, issuance of paper checks, traditional electronic banking (*e.g.,* ACH payments), and mobile banking applications.

5. It was further a part of scheme and artifice that Defendant **WILSON** would and did cause unauthorized disbursements from all four accounts for her personal benefit and the benefit of others.

6. It was further a part of the scheme and artifice that Defendant **WILSON** would and did cause unauthorized payments from account x0484 in the names of two of her family members.

7. It was further a part of the scheme and artifice that **WILSON** would and did use Joint Council 932's Office Depot credit card x3842 to make unauthorized purchases for the purpose of herself and others, knowing that payment for the credit card balance would be made by Joint Council 932 from its Service 1st accounts.

8. It was further a part of the scheme and artifice that, to conceal and disguise her unauthorized takings of funds and attempts to take funds from the four accounts, Defendant **WILSON** would and did make false and fraudulent entries and omissions in books and records of the Three Unions as maintained via QuickBooks.

9. It was further a part of the scheme and artifice that, to conceal and disguise her unauthorized takings of funds and attempts to take funds from the four accounts, Defendant **WILSON** would and did make false and fraudulent representations and omissions to the Executive Board and officers of the Three Unions.

## Executions of the Scheme and Artifice

10. The Grand Jury repeats and realleges the allegations contained in paragraphs 1 through 9 of the Introduction to this Indictment as though fully set out herein for each Bank Fraud count below.

11. The Grand Jury repeats and realleges the allegations contained in paragraphs 1 through 10 of this Section of the Indictment as though fully set out herein for each Bank Fraud count below.

12. On or about the date set forth below for each count, in Jefferson County, within the Northern District of Alabama, and elsewhere, in order to execute and attempt to execute the above-described scheme and artifice, Defendant **WILSON** would and did conduct and cause to be conducted the following transaction described more specifically below for each count.

| Count | Date | Account | Amount |
|---|---|---|---|
| 1 | 7/27/2012 | x0104 | $1,690.83 |
| 2 | 5/2/2013 | x0104 | $108.41 |
| 3 | 7/24/2013 | x0484 | $40.00 |
| 4 | 9/6/2013 | x0104 | $137.43 |
| 5 | 12/4/2013 | x0104 | $1,107.00 |
| 6 | 3/28/2014 | x0484 | $300.00 |
| 7 | 4/28/2014 | x0104 | $987.12 |
| 8 | 5/7/2014 | x0484 | $250.00 |
| 9 | 5/7/2014 | x0104 | $647.76 |
| 10 | 9/9/2014 | x0484 | $1,000.00 |
| 11 | 9/24/2014 | x0104 | $923.10 |
| 12 | 10/8/2014 | x0484 | $300.00 |
| 13 | 10/8/2014 | x0104 | $146.81 |
| 14 | 10/21/2014 | x0104 | $1,591.14 |
| 15 | 11/14/2014 | x9495 | $500.00 |
| 16 | 12/12/2014 | x0484 | $575.00 |
| 17 | 12/23/2014 | x9495 | $421.57 |
| 18 | 12/23/2014 | x0104 | $725.00 |
| 19 | 12/30/2014 | x0104 | $1,350.00 |
| 20 | 12/30/2014 | x9149 | $615.00 |

All in violation of Title 18, United States Code, Section 1344.

## COUNT TWENTY-ONE
## [29 U.S.C. § 501(c)]

1. The Grand Jury repeats and realleges the allegations contained in paragraphs 1 through 9 of the Introduction to this Indictment as though fully set out herein for this Count.

2. The Grand Jury repeats and realleges all of the allegations contained in Counts One through Twenty of this Indictment as though fully set out herein for this Count.

3. From on or about July 27, 2012, until on or about December 30, 2014, in Jefferson County, within the Northern District of Alabama, and elsewhere, the defendant,

**ANGELA WILSON,**
*also known as "Angela Parrish-Wilson,"*

while a person employed, directly and indirectly, by Joint Council 932, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to her own use and the use of another the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $41,450.35.

All in violation of Title 29, United States Code, Section 501(c).

## NOTICE OF FORFEITURE
## [18 U.S.C. § 982(a)]

1.  The allegations contained in Counts One through Twenty of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a).

2.  Upon conviction of the offense(s) charged in Counts One through Twenty of this Indictment, alleging Bank Fraud, the defendant, **ANGELA WILSON,** *also known as "Angela Parrish-Wilson,"* shall forfeit to the United States of America, the following, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly as the result of the offense(s) in violation of 18 U.S.C. § 1344.  Property subject to forfeiture under this provision includes, but is not limited to, a money judgment.

3.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any property of said defendant up to the value of the forfeitable property described above.

 All in accordance with Title 18, United States Code, Section 982(a).

A TRUE BILL

*/s/ Electronic Signature*
FOREPERSON OF THE GRAND JURY

           ROBERT O. POSEY
           Acting United States Attorney

           */s/ Electronic Signature*
           MELISSA K. ATWOOD
           Assistant United States Attorney